## Case No. 11,571.

### RANSOM et al. v. MAYO.

[3 Blatchf. 70;[1] 16 Law Rep. 397.]

Circuit Court, S. D. New York. Oct. 10, 1853.[2]

ADMIRALTY—MARITIME CONTRACTS—CONTRACT TO REPAIR—DAMAGE IN HAULING ON WAYS.

Where a contract was made upon the land, between the owner of a vessel and a ship-builder, for her repair by the latter in his ship-yard on the land: *Held*, that an action in personam would not lie, in the admiralty, to recover for damage to the vessel caused by the negligence of the ship-builder in hauling the vessel up on ways, to be repaired. Neither the contract nor the service is maritime.

[Cited in Cunningham v. Hall, Case No. 3,-481; The Ottawa, Id. 10,616; Salvor Wrecking Co. v. Sectional Dock Co., Id. 12,273; The Vidal Sala, 12 Fed. 209.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in personam [by Thomas Ransom and others against William Mayo]. The respondent was a ship-builder, and the owner of a ship-yard in Coxsackie, N. Y. The action was brought by the owner of a vessel, to recover for the damage caused to her in consequence of her having broken from her fastenings upon the ways, as she was being hauled up to be repaired in the ship-yard. The libel was founded upon an implied engagement and duty on the part of the ship-builder to perform the service with skill and care. Negligence and want of proper skill in conducting the business, were alleged as the cause of the damage. The district court dismissed the libel, for want of jurisdiction, upon the ground that the duty of the respondent did not arise out of a maritime contract, and that the work and labor to be performed were not a maritime service; that the contract was made upon the land, and related to service to be performed upon the land; and that, therefore, the case did not fall within the admiralty jurisdiction. [Case No. 11,571a.] The respondent appealed to this court.

THE COURT concurred in the view taken by the district court, and affirmed its decree, with costs.

## Case No. 11,571a.

### RANSOM et al. v. MAYO.

[21 Betts, D. C. MS. 73.]

District Court, S. D. New York. 1853.[3]

ADMIRALTY—MARITIME CONTRACTS—SUIT FOR NEGLIGENCE.

[A contract made on land by a ship wright to repair a vessel in his ship yard is not maritime,

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Affirming Case No. 11,571a.]

[3] [Affirmed in Case No. 11,571.]

and admiralty has no jurisdiction of a suit for negligence or delay in performing the same.]

[This was a libel by Thomas Ransom and others against William Mayo for breach of contract.]

BETTS, District Judge. The contract articled upon was verbal and was entered into by the respondent in Coxsackie, county of Greene, he being a ship wright and owner of a ship yard and ways, at that place. The agreement was, to haul up upon his ways a vessel belonging to libellants and repair her in his yard. The breaches alleged are that the respondent delayed commencing the work after the time he had agreed to perform it; that in hauling the vessel up the ways, by his negligence or want of proper machinery, he suffered the vessel to break from her fastenings and slide down the ways into the water and she sunk, to her great injury and detention; and that afterwards, when placed in his yard, the respondent neglected completing her repairs so soon as he had agreed to do, and could have reasonably done, which delay caused the libellants great damage. The parties went to hearing upon the truth of these allegations, each giving in full proofs upon the above particulars, and the case was argued by the respective counsel solely upon the interpretation of the contract and whether it had been fulfilled by the respondent.

It appears to me, that the case presents no matter within the cognizance of a court of admiralty. The agreement was entered into on shore, and had relation to a transaction on shore. Upon the proofs the respondent undertook to do nothing with the management or keeping of the vessel on water; he was only to fasten to her when brought to his wharf for the purpose of hauling her into his ship yard; and the end of the ways upon which she was floated by the libellants, was not put under her for the purpose of using or managing her as water craft, but for the opposite object of taking her out of the water upon land. The breaking of the chain in the act of hauling the vessel into the yard, was upon land, and she ran off from the land into the river in consequence of that accident. After she went back into the water she was taken charge of by the libellants and remained with them exclusively until made ready and brought by them again to the ways, when she was drawn up by the respondent into his ship yard. The after detention charged was wholly on land and in the ship yard.

These facts furnish no grounds for the jurisdiction of the court. The contract was made on land and as to every material particular was to be executed on land, the only exception is one merely incidental to the main contract, that of making fast to the vessel whilst she remained water borne. And even in taking her from the water the whole power was employed on shore; and the vessel could scarcely be said to be under the charge and control of the respondent until she ceased to be afloat and had become grounded upon the ways. To that time she was supported by a barge on each side of her.

The cause seems to have been prosecuted and defended on the assumption that the jurisdiction of admiralty courts over engagements of mechanics to ship owners, was correlative to and coequal with that over contracts of ship owners with ship builders. But the two manifestly stand upon different principles. The ship wright has his remedy in admiralty because he has contributed to the navigability and employment of the ship ([New Jersey Steam Nav. Co. v. Merchants' Bank] 6 How. [47 U. S.] 390), the ship in that capacity being placed by the law under the cognizance of maritime courts, together with the accessories accompanying her, i. e. debts created for her betterment, preservation or employment. A contract to build or repair a vessel, or to supply her a cargo, made on land, to be there executed, has no connection of a maritime character with her, and for that reason, if broken, or imperfectly fulfilled, has no ingredient of maritime service to render it cognizable by courts of admiralty. Although, then, had the action on these facts been brought by the respondent, he might have had relief in this court for materials and repairs applied to the vessel, yet the converse neither logically nor legally holds true that the libellants acquired a maritime contract in his engagement to them to supply the materials and perform the work. I have not been able to discern a case in which sanction has been given to an action of this description, and I can perceive no principle upon which the court can sustain it. The consideration upon which it is founded is not of a maritime character and no part of it was to be performed on water, even if either or both those circumstances would afford ground for an action in this court, for the nonfulfilment of a land contract of this description.

This court has decided that a contract in port to procure a crew for a vessel, or furnish her stores for a voyage are not of admiralty jurisdiction. Nor is a debt due draymen for carting a cargo to a ship, or to stevedores for loading it on board. The latter proposition may be more equivocal, but has been solemnly affirmed in the United States circuit court for the Third circuit.

There being no fixed course of decision to the contrary, I shall feel that an agreement by a ship carpenter in port to repair a vessel in a ship yard, is not a maritime contract suable in admiralty; nor can a suit in admiralty be maintained against a ship wright to recover damages for detaining a vessel in his yard under repair a longer period than stipulated in the contract. For these reasons this action cannot be maintained in this court; but as no exception was taken by the re-

spondent to the jurisdiction of the court, the libel is dismissed without costs.

[On appeal to the circuit court, the decree of this court was affirmed. Case No. 11,571.]